# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Marsha Gilford | ) | CASE NO.: 4:21CV174 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Aqua Ohio, Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Marsha Gilford, "doing business as Marsha Gilford," filed this *in forma pauperis* action against Aqua Ohio, Inc., and Daniel Schuller, "doing business as CFO."

For the reasons that follow, Plaintiff's action is dismissed.

## I. Background

On January 21, 2021, Plaintiff filed a Complaint against Aqua Ohio, Inc., and Daniel Schuller, "requesting default judgment due to non-response to any mailed communication resulting in agreement with all documentation that was sent via certified mail." (Doc. 1). Thereafter, on March 12, 2021, she filed an Amended Complaint, which she also labels "Complaint/Indictment." (Doc. 9). In her Amended Complaint, Plaintiff seeks $3,275,000 in "lawful money." (*Id.* at 12).

Plaintiff's Amended Complaint is largely incomprehensible. It is composed almost entirely of meaningless rhetoric, with random citations to various legal and non-legal sources, including citations to the Uniform Commercial Code, 42 U.S.C. § 1983, the Constitution of the United States of America, and admiralty law. (*Id.* at 1).

Plaintiff lists the following "facts" in her Amended Complaint: (1) Government Obligation Bond; (2) Affidavit of Default Opportunity to Cure; (3) Certificate of Non-Response; (4) Affidavit of Tender of Payment; (5) Notice of Default Opportunity to Cure; and (6) Certificate of Non-Response. (*Id*. at 2).   Plaintiff states that she "is requesting default judgment due to non-response to any mailed communication resulting in Agreement with all documentation that was sent via Certified Mail." She also states that she "has made multiple attempts at communication with [Defendants], [and] the company failed to respond to any of the contracts that were sent via certified mail.  The failure to respond in contract law means that [Defendants have] agreed by silent acquiescence in favor of the secured party, Gilford, Marsha. Lorraine." (*Id*.).  According to the Amended Complaint, "law and justice mandates a hearing of Libel of review pursuant to the Law of Nations and that said Claimants and for the protection of their person, property, estate and trust thereby enters their Complaint of Involuntary Servitude and Peonage" due to Defendants' "wanton and malicious acts and threats, duress, coercion, [and] fraud." (*Id.*).

Plaintiff attaches to her Amended Complaint a document entitled "James Traficant's U.S. Bankruptcy Speech," an "Affidavit of Ownership," and Plaintiff's birth certificate.  (Docs. 9-1, 9-2, and 9-4).

Defendants filed motions to dismiss Plaintiff's Amended Complaint for failure to state a claim under Federal Civil Rule 12(b)(6). (Docs. 10, 11).  They contend that the crux of the dispute before this Court involves Plaintiff's failure to pay her water utility bills.  Defendants assert that rather than seeking a repayment plan, Plaintiff filed a

2

complaint and then amended complaint for claims that do not exist, are not recognized by law, or are not applicable to the underlying facts and circumstances.

Specifically, Defendants state that Plaintiff's apparent request for default judgment is not premised upon a prior claim or the defendants' failure to respond to a legal proceeding; Plaintiff fails to assert any allegations to support a claim for fraud, duress, or coercion; Plaintiff's claim for extortion is factually and legally inapplicable to Plaintiff's failure to pay her water utility bill; Plaintiff fails to allege any elements to support a libel claim, including identifying any statement made by the defendants necessary to establish a libel claim; Plaintiff's purported claims have no connection to navigable waters and therefore her invocation of admiralty jurisdiction fails; and Plaintiff fails to assert any allegations of a constitutional violation, including any purported claims for "involuntary servitude and peonage."  Defendant Schuller also contends that there is no basis for his personal liability, as Plaintiff's Complaint fails to allege any wrongdoing against him.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the Complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The Court, however, has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing allegations that may be fairly described as "fanciful," "fantastic," "delusional," "wholly incredible," or "irrational."  *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Plaintiff's Complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

Additionally, *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). The Court, however, is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## III. Discussion

Upon review of Plaintiff's action, this Court finds Plaintiff's claims are incomprehensible and factually frivolous. And even liberally construing her pleadings, the Court finds Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.[1]

Plaintiff claims that this action "is an admiralty maritime cause of action" and therefore this Court has original jurisdiction. Doc. 9 at 1. Plaintiff also describes herself as a "vessel." *Id.* at 7.

Plaintiff's invocation of admiralty jurisdiction is legally and factually frivolous. Federal district courts have original jurisdiction over all civil admiralty and maritime

---

[1] An amended complaint generally supersedes the original complaint, rendering the original complaint null and void. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982) (White, J., concurring in part & dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.); *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (unpublished); *Khatri v. Ohio State Univ.*, N.D.Ohio No. 5:18CV2962, 2020 U.S. Dist. LEXIS 16965, at *6 (Jan. 17, 2020). The Sixth Circuit, however, recognizes an exception to this general rule where the moving party "evinces an intent for the amended pleading to supplement rather than supersede the original pleading." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). Where "the amended petition [is] not 'complete in itself' and ... it referred to and adopted the prior petition, the amended petition [does] not supersede the original petition." Id. at 931 (citing *Shreve v. Franklin Cty.*, Ohio, 743 F.3d 126, 131 (6th Cir. 2014). There is no evidence in the record that Plaintiff intended to supplement rather than supersede the original complaint, and therefore, this Court shall only consider the allegations contained in Plaintiff's Amended Complaint.

cases.  *See* 28 U.S.C. § 1333(1).  Admiralty jurisdiction, however, requires a factual connection to navigable waters. *Kossick v. United Fruit Co.*, 365 U.S. 731, 736, 81 S. Ct. 886, 6 L. Ed. 2d 56 (1961); *Moore v. Child Support Enforcement Agency*, N.D.Ohio No. 1:14 CV 1266, 2014 U.S. Dist. LEXIS 160307, at \*8 (Nov. 10, 2014).  Even where the cause of action concerns a contract dispute, the purported contract must relate to "ships and vessels, masters and mariners, as the agents of commerce." *Horizon Ins. Co. v. Kinsman Marine Transit Co.*, 256 F. Supp. 9, 12 (N.D. Ohio 1965) (internal quotation marks and citation omitted).  Moreover, "even in cases where jurisdiction is invoked via a contract which is traditionally 'maritime' in nature, the issue must still retain some connection to navigable waters or maritime commerce." *In re Fields*, 967 F. Supp. 969, 974 (M.D. Tenn. 1997); *see also New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420 (6th Cir. 2009).

Here, there is no suggestion of a claim or contract pertaining to navigable waters. And Plaintiff does not transform herself into a ship simply by calling herself a "vessel." *Goist v. Rice*, 2014 U.S. Dist. LEXIS 63954, \*6 (N.D. Ohio May 7, 2014).  Admiralty jurisdiction is therefore inapplicable.

As best the Court can discern, Plaintiff appears to seek default judgment against Defendants because they failed to respond to her "mailed communication."  She states that she has made multiple attempts at communication but Defendants "failed to respond to any of the contracts that were sent via certified mail."  *See* Doc. 9 at 2.

Federal Rule of Civil Procedure 55 allows a court to enter a default judgment against a party who has failed to plead or otherwise defend in a case. Here, there is no suggestion that Plaintiff's purported request for default judgment is based on a prior legal

6

proceeding. And Plaintiff's claim that Defendants failed to respond to "mailed communication" outside of a formal legal proceeding does not constitute a plausible federal claim.  *See El v. Lui*, N.D.Ohio No. 1: 16 CV 901, 2016 U.S. Dist. LEXIS 96588, at *2 (July 25, 2016).

Also, Plaintiff uses words such as "duress," "fraud," "coercion," "extortion," and "libel." However, Plaintiff's Amended Complaint is completely devoid of any factual allegations supporting such causes of action. Rather, Plaintiff makes, at best, illogical conclusory assertions couched as factual allegations.  Similarly, Plaintiff's references to the Uniform Commercial Code, without any actual coherent allegations concerning a commercial transaction, do not constitute plausible legal claims.

To the extent Plaintiff alleges claims against Defendants under 42 U.S.C. § 1983, these claims fail.  To state a claim under § 1983, the plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).   The plaintiff must also allege that "the defendants were personally involved in the alleged deprivation of federal rights."  *Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

Here, Plaintiff fails to specifically allege any constitutional violation by either defendant. Rather, Plaintiff's pleading contains random citations to several Amendments to the United States Constitution and § 1983. Moreover, Defendant Aqua Ohio is a private corporation and Defendant Schuller is a private citizen and employee of Aqua Ohio, and Plaintiff has failed to allege that Defendants have acted together or received

7

significant assistance from state officials or exercised state powers.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (stating a private party may be found to have acted under color of state law when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action"); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974) (finding an individual may be considered a state actor if he or she exercises powers traditionally reserved to a state). Defendants are therefore not state actors under § 1983. Accordingly, any purported claim under § 1983 lacks merit.

Likewise, Plaintiff's purported claim of "involuntary servitude and peonage" also fails.  The Thirteenth Amendment prohibits "slavery [or] involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted. U. S. Const. amend. XIII, § 1. The Supreme Court has held that involuntary servitude exists only when the master subjects the servant to: (1) threatened or actual physical force; (2) threatened or actual state-imposed legal coercion; or (3) fraud or deceit where the servant is a minor or an immigrant or is mentally incompetent. *United States v. Kozminski*, 487 U.S. 931, 932 (1988); *Rhoades v. Hameed*, N.D.Ohio No. 1:08 CV 1445, 2009 U.S. Dist. LEXIS 147802 (Sep. 30, 2009). Plaintiff's cursory reference to the Thirteenth Amendment and her statement that Defendants' acts of "wanton and malicious acts, threats, duress, coercion, [and] fraud" have caused a "complaint of involuntary servitude and peonage" do not establish a coherent claim for a violation of the Thirteenth Amendment.

### III. Conclusion

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is granted.

For the foregoing reasons, the Motions to Dismiss filed by Defendants Aqua Ohio, Inc., and Daniel Schuller (Docs. 10, 11) are granted; and this action is dismissed as frivolous. Additionally, Plaintiff's Motion "Requesting Oath of Office, Foreign Registration, Anti-Bribery Statement, Mandatory under law" (Doc. 12) and Motion for Default Judgment (Doc. 13) are denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


April 29, 2021                                   */s/ John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT